
**XL INSURANCE**

RECEIVED
FEB 13 2009
ASC
Michigan

505 Eagleview Boulevard
Suite 100
Exton, PA 19341-0636
USA
Phone 800-327-1414
Fax 610-458-8667
www.xlinsurance.com

**COMPLAINT**
**EXHIBIT D**

February 11, 2009

<u>VIA – FEDEX GROUND</u>

<u>DENIAL OF COVERAGE</u>

Barbara J. Moser
Claims Manager
Alternative Service Concepts
17197 N. Laurel Park Drive, Suite 537
Livonia, MI 48152

RE:  <u>Insured          :  City of Holland Board of Public Works</u>
<u>Claimant         :  Sierra Club</u>
<u>Issuing Company  :  Indian Harbor Insurance Company</u>
<u>Policy No.       :  PEC000396608</u>
<u>Our File No.     :  09103186</u>

Dear Ms. Moser:

As you are aware, this office has been assigned by Indian Harbor Insurance Company ("Indian Harbor") to investigate the above-referenced matter, which has been submitted as a claim for coverage under the terms of the Pollution and Remediation Legal Liability Policy ("PARLL") issued to City of Holland Board of Public Works. As discussed more fully herein, we regret to advise you that Indian Harbor must respectfully deny City of Holland Board of Public Works' request for coverage for this matter.

It is our understanding that this matter arises out of a complaint filed by the Sierra Club seeking to compel City of Holland Board of Public Works' James De Young Generation Station to comply with the Clean Air Act and Michigan's State Implementation Plan, including the Prevention of Significant Deterioration program and the Nonattainment New Source Review program. The complaint seeks civil penalties, declaratory relief, and injunctive relief.

This claim has been submitted for coverage under the PARLL Policy No. PEC000396608 issued by Indian Harbor to City of Holland Board of Public Works. The policy is issued on a claims-made and reported basis for the policy period of July 1, 2008 to July 1, 2009. The limits of liability are $20,000,000 each loss, remediation expense, or legal defense expense and $20,000,000 in the aggregate, subject to a $250,000 self-insured retention for each loss, remediation expense, or legal defense expense.

Greenwich Insurance Company, Indian Harbor Insurance Company, XL Insurance America, Inc., XL Insurance Company of New York, Inc., XL Select Insurance Company, XL Specialty Insurance Company

Members of the XL Capital group

Barbara J. Moser
February 11, 2009
Page 2

**POLICY INFORMATION**

We wish to direct your attention to certain provisions of the subject policy that are relevant to our evaluation of coverage for this matter.

First, we direct your attention to the Insuring Agreement for Coverage A, Pollution Legal Liability, which provides:

> The Company will pay on behalf of the INSURED for LOSS from POLLUTION CONDITIONS on, at, under or emanating from the location(s) stated in the Pollution Legal Liability Schedule, which the INSURED has or will become legally obligated to pay as a result of a CLAIM first made against the INSURED during the POLICY PERIOD, provided that the INSURED reports the CLAIM to the Company, in writing, during the POLICY PERIOD or, if applicable, the Automatic or Optional Extended Reporting Period.

Section II., Item M., defines POLLUTION CONDITIONS(s) as follows:

> [T]he discharge, dispersal, release, seepage, migration, or escape of any solid, liquid, gaseous or thermal pollutant, irritant or contaminant, including but not limited to smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, hazardous materials, waste materials, including medical, infectious and pathological wastes, electromagnetic fields, and LOW LEVEL RADIOACTIVE WASTE AND MATERIAL, into or upon land, or structures thereupon, the atmosphere, or any watercourse or body of water including groundwater.

Section II., Item J., defines LOSS as follows:

> [M]onetary judgment, award or settlement of compensatory damages arising from:
>
> a. BODILY INJURY; or
> b. PROPERTY DAMAGE

Second, we direct your attention to Endorsement No. 004, which provides:

> **OFF-PREMISES REMEDIATION LEGAL LIABILITY**
> The Company will pay on behalf of the INSURED for REMEDIATION EXPENSE from POLLUTION CONDITIONS emanating from the location(s) stated in the Remediation Legal Liability Schedule where, during the POLICY PERIOD, a CLAIM is first made against the INSURED or POLLUTION CONDITIONS are first discovered; provided that the INSURED notifies the Company of the CLAIM or POLLUTION CONDITIONS, in writing, during the POLICY PERIOD, or, if applicable, the Automatic or Optional Extended Reporting Period.

Barbara J. Moser
February 11, 2009
Page 3

> **ON-PREMISES REMEDIATION LEGAL LIABILITY**
> The Company will pay on behalf of the INSURED for REMEDIATION EXPENSE from POLLUTION CONDITIONS on, at, or under the location(s) listed below which result from a release of contents from any of the below scheduled aboveground storage tank(s) and associated piping or below scheduled underground storage tank(s) and associated piping, or the loading or unloading activities of AUTOMOBILE(S), WATERCRAFT or railcars at the location(s) listed below where, during the POLICY PERIOD, a claim is first made against the INSURED or POLLUTION CONDITIONS are first discovered; provided that the INSURED notifies the Company of the CLAIM or POLLUTION CONDITIONS, in writing, during the POLICY PERIOD, or, if applicable, the Automatic or Optional Extended Reporting Period. . . .

REMEDIATION EXPENSE is defined at Section II.O. as follows:

> [E]xpenses incurred to investigate, remove, dispose of, treat or neutralize POLLUTION CONDITIONS, including any monitoring and testing costs associated with such investigation, removal, disposal, treatment or neutralization, and including REPLACEMENT COSTS, to the extent required by (1) Federal, State, Local or Provincial Laws, Regulations or Statutes, or any subsequent amendments thereof, enacted to address POLLUTION CONDITIONS, and/or (2) a legally executed state voluntary program governing the cleanup of POLLUTION CONDITIONS.

Finally, we direct your attention to Section IV., Item 2., which excludes coverage under the subject policy for LOSS, REMEDIATION EXPENSE and LEGAL DEFENSE EXPENSE:

> **Multiplied Damages/Fines/Penalties**: based upon or arising out of civil, administrative or criminal fines or penalties, assessments, punitive, exemplary or multiplied damages.

## COVERAGE ANALYSIS

Per the Declarations, City of Holland Board of Public Works is the first named insured. Additionally, pursuant to Endorsement No. 1, the James De Young Generation Station, located at 64 Pine Avenue in Holland, Michigan, is a scheduled location.

Applying the foregoing policy provisions to the instant matter, please be advised that Coverage A and Coverage B are not applicable at this time. This matter does not involve a third-party claim for "loss" or a claim for "remediation expense," as those terms are defined by the subject policy. The complaint at issue seeks civil penalties, declaratory relief, and injunctive relief. Per Section IV., Item 2., the subject policy does not apply to "loss, remediation expense,

Barbara J. Moser
February 11, 2009
Page 4

legal defense expense, or any other coverages . . . arising out of civil, administrative or criminal fines or penalties, assessments, punitive, exemplary or multiplied damages." Accordingly, coverage is not provided for civil penalties and/or fines.

Furthermore, the Sierra Club's claims for declaratory relief and injunctive relief do not trigger coverage under the subject policy. Coverage A requires a third party claim for "loss" be asserted against City of Holland Board of Public Works. "Loss" is defined as a monetary judgment, award or settlement of compensatory damages arising from bodily injury or property damage. Similarly, Coverage B requires that a claim for "remediation expense" be asserted against City of Holland Board of Public Works. "Remediation expense" is defined as "expenses incurred to investigate, remove, dispose of, treat or neutralize POLLUTION CONDITIONS. . ." Declaratory relief and injunctive relief are equitable in nature. Because the Sierra Club is seeking equitable relief, not a monetary judgment, award, settlement of compensatory damages or remediation expenses from City of Holland Board of Public Works, coverage has not been triggered.

Finally, please be advised that the policy only provides coverage to an "insured" (as defined at Section II.F.). To the extent that any defendant is not an insured there would also be no coverage.

## CONCLUSION

Based on the foregoing, Indian Harbor must respectfully decline City of Holland Board of Public Works' request for coverage of this matter as submitted under the PARLL Policy No. PEC000396608. If there are any facts or circumstances that you believe may in any way alter Indian Harbor's position regarding the absence of coverage, kindly provide us with such information and/or documentation at your earliest convenience. Please be advised that Indian Harbor reserves any and all of its rights under any of the provisions, definitions, conditions or exclusions contained in any policy issued by Indian Harbor to City of Holland Board of Public Works. Furthermore, upon discovery of any other facts or issues relating to coverage for this matter, Indian Harbor reserves the right to modify or amend its coverage position and to assert any additional defenses based upon any of the policy provisions, definitions, conditions or exclusions, whether or not specifically mentioned in this letter.

Barbara J. Moser
February 11, 2009
Page 5


Should you have any questions or concerns, or wish to discuss any of the matters set forth herein, please do not hesitate to contact me or the assigned claims counsel, Erin Cearfoss. Thank you for your courtesy and cooperation in this matter.

Regards,

*[signature]*

J. Robert McMahon
Assistant Vice President

JRM/EMC/jcc


cc: HUB International Midwest
 <u>Attention:</u> Hope Bush