

**HUB International Midwest**

625 Kenmoor Avenue SE, Suite 200
Grand Rapids, MI 49546
Office 616/233-4111
Fax 616/233-4110

www.hubinternational.com

COMPLAINT
EXHIBIT G

April 1, 2011

J. Robert McMahon
Assistant Vice President
XL Specialty Insurance Company
505 Eagleview Boulevard
Suite 100
Exton, PA 19341-0636

Re:  Insured:      City of Holland Board of Public Works
     Claimant:     Sierra Club
     Issuing Co.:  Indian Harbor Insurance Company
     Policy No.:   PEC000396608
     Your File No.: 09103186

Dear Mr. McMahon,

Please be advised that I am assisting the HUB International Midwest team with a review and analysis of the policy and captioned incident in my capacity as an environmental insurance practice leader of HUB International.

On behalf of the Insured we assert without hesitation that the denial of coverage by Indian Harbor Insurance Company is completely without merit. Indian Harbor Insurance Company has failed to fulfill its contractual obligations under the captioned policy without sound reason and in doing so has prevented the Insured from receiving the protection intended by the policy terms and conditions.

With the intent of providing to Indian Harbor Insurance Company the proper understanding of the coverage provided in the policy and its applicability to the captioned matter we offer the following comments.

Reference is made herein to prior correspondence from you in reference to the matter, specifically, February 11, 2009 and November 20, 2009 DENIAL OF COVERAGE letter to Barbara Moser and your email of January 14, 2011 to Hope Bush. Reference is also made to the original and Amended Complaints against the Insured by Sierra Club.

Reference is made to *I. Insuring Agreement Coverage C – Legal Defense Expense*

The Company will pay on behalf of the INSURED for LEGAL DEFENSE EXPENSE *to defend a CLAIM* for LOSS or *for Remediation Expense* under Coverage A – POLLUTIONS LEGAL LIABILITY, Coverage B – REMEDIATION LEGAL LIABILITY or Coverage D – CONTINGENT TRANSPORTATION COVERAGE, to which this Policy applies. The Company shall have the right and the duty to defend the INSURED against any CLAIM seeking damages for a LOSS, or for REMEDIATON EXPENSE. The Company will have no duty to defend the INSURED against any CLAIM for LOSS or for REMEDIATION EXPENSE to which this Policy does not apply.

Reference is made to *II. Definitions D*.

- **CLAIM(S)** means *a demand*, notice or assertion of a legal right *alleging liability or responsibility* on the part of the INSURED, *arising out of POLLUTION CONDITIONS, and shall include*, but not necessarily be limited to *lawsuits* or petitions filed against the INSURED.

- **POLLUTION CONDITIONS** means the *discharge, dispersal, release*, seepage, migration, or escape of *any* solid, liquid, gaseous or thermal pollutant, irritant or *contaminant, including but not limited to smoke, vapors, soot,* fumes, acids, alkalis, toxic chemicals, hazardous materials, waste materials, including medical, infectious and pathological wastes, electromagnetic fields, and LOW LEVEL RADIOACTIVE WASTE AND MATERIAL, *into* or upon land, or structures thereupon, *the atmosphere*, or any watercourse or body of water including groundwater.

- **REMEDIATION** EXPENSE means expenses incurred to *investigate*, remove, dispose of, *treat or neutralize* POLLUTION CONDITIONS, including any monitoring and testing costs associated with such investigation, removal disposal, treatment or neutralization, and including REPLACEMENT COSTS, to the extent *required by (1) Federal*, State, Local or Provincial *Laws*, Regulations or Statutes, or any subsequent amendments thereof, *enacted to address POLLUTION CONDITIONS*, and/or (2) a legally executed state voluntary program governing the cleanup of POLLUTION CONDITIONS.

Reference is made in part to the Amended Complaint:

**Prayer for Relief**

F. Order the Defendants to remedy their past violations by, *inter alia*, requiring the Defendants to install, as appropriate, the necessary pollution controls to meet best available control technology emission limits and lowest achievable emission rates;

G. Order the Defendants to take appropriate actions to **remedy, mitigate, and offset the harm to public health and environment caused by violations of the Act alleged above;**

**Coverage Analysis**

Coverage has been triggered under Coverage C – Legal Defense Expense as follows;

The insured has been served with a lawsuit alleging responsibility (as per the Policy definition of **CLAIM**) for releasing contaminants into the atmosphere (as per the Policy definition of **POLLUTION CONDITIONS**) accompanied by a demand the insured remedy, mitigate violations as required by Federal law (as per the Policy Definition of **REMEDIATION EXPENSE**).

More specifically Webster's defines remediation as; *the act or process of remedying* which is what is precisely demanded by the plaintiff and clearly causes the Legal Defense Expense coverage to be triggered.

In summary, coverage is and has been available and is necessary to pay on behalf of the Insured the Legal Defense Expenses incurred to date and those that will continue to be paid to defend the Insured from the claim for Remediation Expense.

In addition to the above coverage is also provided by the policy for LOSS as follows;

Reference is made to *I. Insuring Agreement Coverage C – Legal Defense Expense*

The Company will pay on behalf of the INSURED for LEGAL DEFENSE EXPENSE *to defend a CLAIM for LOSS* or for Remediation Expense under Coverage A – POLLUTIONS LEGAL LIABILITY, Coverage B – REMEDIATION LEGAL LIABILITY or Coverage D – CONTINGENT TRANSPORTATION COVERAGE, to which this Policy applies. The Company shall have the right and the duty to defend the INSURED against any CLAIM seeking damages for a LOSS, or for REMEDIATON EXPENSE. The Company will have no duty to defend the INSURED against any CLAIM for LOSS or for REMEDIATION EXPENSE to which this Policy does not apply.

- **LOSS** means *monetary judgment, award* or settlement of compensatory damages *arising from*: a. *BODILY INJURY*; or b. PROPERTY DAMAGE.
- **BODILY INJURY** means *physical injury, sickness*, disease, *mental anguish, emotional distress*, shock or building related illness *sustained by any person*, including death resulting there from, caused by POLLUTIONS CONDITIONS.

In the Amended Complaint under **Standing Part 14.** it is stated:

> 14. Sierra Club has members who live, work, and recreate in the City of Holland and Ottawa County, Michigan, as well as other areas downwind from the De Young Plant. These members are negatively impacted by air pollution emissions from the De Young Plant. The **health** and welfare of Sierra Club's members, as well as their enjoyment of outdoor activities, **has been and continues to be harmed** by air pollution from the De Young Plant.

The Amended Complaint also states;

**Prayer for Relief; Part D & I as follows**:

- D. **Enjoin Defendant from Operating the De Young Plant** unless and until Defendants apply for and obtain a lawfully-issued PSD permit, PTI, and NNSR permit;
- I. **Order the Defendants to disgorge profits and other benefits** that were improperly obtained through, or as a direct **result of violations** set forth herein;

The insured has been served with a lawsuit alleging responsibility for Sierra Club member's health being harmed (as per Policy Definition of **BODILY INJURY**) by releasing contaminants into the atmosphere (as per definition of **POLLUTION CONDITIONS**) with a demand that the Court order the defendant to disgorge profits (as per Policy definition of LOSS - including Monetary Judgment).

Therefore coverage is also available under Coverage C – Legal Defense Expense for legal expenses incurred and in the future to defend a Claim for Monetary Loss that would be caused to the insured by an order to cease operation of the plant and or disgorge profits from plant operations.

Conclusion

It is imperative that Indian Harbor Insurance Company immediately fulfill its contractual responsibilities under the captioned policy by paying the Legal Defense Expenses incurred to date by the Insured as well as accepting coverage for additional Legal Defense Expenses and or other Loss relative to the captioned matter. I ask a written response be provided no later than **April 15, 2011**.

Sincerely,

John Butler /HB
John Butler
Vice President


cc: Hope Bush
   HUB International Midwest