UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF HOLLAND, acting by and
through its BOARD OF PUBLIC
WORKS,

      Plaintiff,

vs.                                                                          Case No. 1:11-cv-1199

INDIAN HARBOR INSURANCE CO.                      Hon. Paul L. Maloney
and XL, America, Inc.,

      Defendants.
_____/

Andrew J. Mulder (P26280)
Ronald J. Vander Veen (P33067)
CUNNINGHAM DALMAN, P.C.
Attorney for Defendant
321 Settlers Road
Holland, MI 49422
(616) 392-1821
_____/

**BRIEF IN SUPPORT OF MOTION TO EXTEND
DEADLINE FOR SERVICE OF SUMMONS**

      Plaintiff commenced this action seeking declaratory relief under insurance policies issued by the Defendants.  The Complaint was filed on November 10, 2011.

      The Complaint seeks to

      (a) declare that Defendants had a duty to defend Plaintiff under their insurance policies in certain litigation pending before this Court (known as Sierra Club v City of Holland, docket No.1:08-cv-1183) and to recover amounts incurred to date for defense (Counts I and II);

      (b) declare that Defendants have an ongoing duty to continue to defend the Plaintiff in such litigation (Counts I and II); and

(c) declare that Defendant has a duty to indemnify Plaintiff (Count III).

Since the filing of the Complaint, the parties have engaged in settlement discussions.  During November and December 2011, the both parties' representatives and legal counsel discussed this pending action and agreed that parties would focus on resolving the matter rather than gearing up for litigation. During January and February 2012, the negotiations accelerated.  After several telephone conference calls and e-mails, the parties are on the verge of a settlement.

The parties appear to have agreed upon basic terms and currently are attempting to finalize the written settlement agreement.  While settlement terms mean nothing until a detailed agreement is finalized, the major prior negotiating points appeared to have been tentatively agreed to and the remaining issues are (hopefully) minor details to be fine tuned.

Plaintiff is a municipal corporation.  Once the terms of the proposed settlement are have been approved by Defendant and Plaintiff's staff, Plaintiff must bring the proposed terms before its Board for the Plaintiff's Board of Public Works for approval and then before the Plaintiff's City Council for approval.  Based on their schedules, (and assuming that the settlement agreement is finalized), Plaintiff expects that this will happen at the Board meeting in March 5, 2012 and the City Council meeting in March 14, 2012.

Assuming that the proposed settlement is approved by Plaintiff's Board and City Council and Defendant right after March 14, the settlement agreement will be ready to be signed by the parties and promptly performed by Defendant.  Plaintiff will then file a Motion to dismiss this matter during the later part of March or beginning of April, 2012.

### Deadline for Service

F.R.Civ.P 4(m) requires that the Summons be served within 120 days after the Complaint is filed, or such further time as the Court may allow.   The Complaint was filed on November 10, 2011. Thus, the deadline to complete service of the Summons and Complaint in this matter is March 9, 2012.

### Proposed Extension of Deadline

F.R.Civ.P 4(m) provides that the Court may extend the deadline for service of the Summon and Complaint for an appropriate time.  While there has been various discussion of this rule and its amendments over the years, including whether good cause is required, the current version appears to require that good cause exist for an extension of the time for service.  The term "good cause" in the rule is not defined.

In *Assad v Liberty Cheverolet, Inc.*, 124 FRD 32 (D. R.I., 1989), a similar issue was address by the court.  Plaintiff commenced an action against two defendants, Liberty Chevrolet and GMC.  Plaintiff served defendant Liberty, engaged in settlement discussions with defendant Liberty but failed to timely serve defendant GMC.  The settlement discussions with defendant Liberty, if successful, would have resulted in dismissal of the complaint as to both defendants.  The Court ruled that the good faith settlement discussions were good cause to extend the period for serving defendant GMC.

While there have been various cases which declined to extend the deadline based on allegations of settlement negotiations, they appear to be cases where (a) there were no

real settlement negotiations or (b) the request for extension came after the 120 day deadline. See, *Mendez v Elliot*, 45 F.3d 75 (5th cir. 1995).

Here, the parties have engaged good faith settlement negotiations. The negotiations involved the appropriate party representatives and legal counsel from Plaintiff and Defendants in various telephone conferences. The negotiations appear to be in the end stages of settling this matter, although the settlement certainly is not complete.

Counsel for Plaintiff believes that, should the settlement succeed, it will be finalized by mid-March and completed by late-March. If not, Plaintiff proposes to complete service of process and this matter may proceed in a timely fashion.

## Conclusion

Plaintiff requests that this Court grant it an extension until April 6, 2012 to either settle this matter and file a Motion to Dismiss or serve the Summons and Complaint.

/s/ Ronald J. Vander Veen
Ronald J. Vander Veen (P33067)
CUNNINGHAM DALMAN, P.C.
Attorney for Defendant
321 Settlers Road
Holland, MI 49422
(616) 392-1821